IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02485-PAB-MJW

PARVIZ SEBASTIAN SAFAI-RAD,

    Plaintiff,

v.

HOME DEPOT, U.S.A., INC.,

    Defendant.
_____

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE**
_____

    This is a negligence suit for injuries that plaintiff sustained in a Home Depot parking lot. Plaintiff was sixteen years old at the time of the injuries. On May 13, 2005, plaintiff Sebastian Safai-Rad and a friend, Kyle Hall, were walking through the parking lot of a Home Depot store in Aurora, Colorado. They noticed that the keys to a forklift in the parking lot had been left in the ignition. Hall took the keys. After the store closed that evening, plaintiff and Hall returned to the parking lot. Hall used the keys to start the forklift, and he then drove it around the parking lot. Later, plaintiff also drove the forklift. The forklift tipped over while plaintiff was making a turn. When the forklift tipped over, it pinned his right foot underneath. Plaintiff's foot had to be amputated as a result of this accident.

    In August 2008, plaintiff filed this suit against Home Depot, U.S.A., Inc. in the state district court for Arapahoe County, Colorado. *See* Compl. [Docket No. 1-2]. The complaint alleged that as a direct, proximate, and foreseeable result of defendant

Home Depot's negligence in maintaining its premises and equipment, plaintiff suffered various types of damages.  *See* Compl. ¶¶ 16-19, 24-28.  After being served on October 17, 2008, defendant removed the case to this Court on November 14, 2008, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) [Docket No. 1].  On August 11, 2009, defendant filed a motion for summary judgment on all claims asserted by plaintiff [Docket No. 40].  Plaintiff filed a response [Docket No. 46], to which defendant replied [Docket No. 56].  The motion is fully briefed and ripe for disposition.

### A. Standards for Summary Judgment

According to Federal Rule of Civil Procedure 56(c), a court should grant summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).

In pursuing summary judgment, the moving party generally bears the initial burden of showing the absence of a genuine dispute concerning a material fact in the case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  However, "[w]hen, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001).

"Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works,*

*Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. However, to be clear, "it is not the party opposing summary judgment that has the burden of justifying its claim; the movant must establish the lack of merit." *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1110 (10th Cir. 2009).

### B. Analysis – Colorado Premises Liability Statute

Defendant Home Depot argues that, because Mr. Safai-Rad's injury occurred on Home Depot property, the store's liability is controlled by Colorado's premises liability statute. Furthermore, because Mr. Safai-Rad entered the property without the permission or consent of Home Depot and with the intent of engaging in unlawful and impermissible activity, Home Depot claims that Mr. Safai-Rad should be characterized as a trespasser. Finally, with no indication that Home Depot violated the premises liability statute's standard of care to trespassers, Home Depot urges the Court to grant summary judgment on plaintiff's negligence claim.

Where a court has diversity-based jurisdiction over a case, the laws of the forum state typically govern the analysis of the underlying claims. *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). With no indication or argument otherwise, Colorado law governs the underlying claims in this case. *Cf. Grynberg v. Total S.A.*,

538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

In Colorado, there are four elements to a standard negligence claim: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) injury to the plaintiff, and (4) a proximate cause relationship between the breach and the injury. *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992). The element that is the focus of the present case is the first – what duty Home Depot owed to Mr. Safai-Rad relative to this accident. *Cf. Vigil v. Franklin*, 103 P.3d 322, 325 (Colo. 2004) ("[D]uty is the threshold element. Only if there is a legal duty to avoid unreasonably risky conduct does the issue of breach and then the other negligence elements arise.").

"[I]n ordinary negligence cases, an actor is required to conform his or her conduct to a standard of objective behavior measured by what a reasonable person of ordinary prudence would or would not do under the same or similar circumstances." *United Blood Servs. v. Quintana*, 827 P.2d 509, 519 (Colo. 1992). "At common law, whether a defendant owes a duty to a plaintiff is a question of law to be determined by the court." *Vigil*, 103 P.3d at 325. However, the Colorado General Assembly may, where it so chooses, modify the common law and remove from the courts the task of determining the duty question. *See Vigil*, 103 P.3d at 327-28.

One area of negligence law where the General Assembly has exercised its authority is with respect to the liability incurred by the owners and operators of real property. Colorado's premises liability statute states:

> In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the

>condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section.

Colo. Rev. Stat. § 13-21-115(2) (2010). The Colorado Supreme Court has held that this language completely preempts common law negligence claims against "landowners." *See Vigil*, 103 P.3d at 328 ("By using the language 'any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another,' the General Assembly indicated its intent to completely occupy the field and supercede the existing law in the area.").

### 1. Applicability of the Premises Liability Statute to Plaintiff's Negligence Claim

Plaintiff seeks to avoid summary judgment by arguing that Home Depot is not a "landowner" under the premises liability statute and, therefore, the statute is inapplicable. In the alternative, plaintiff argues that whether Home Depot is a "landowner" is a genuine issue of material fact precluding summary judgment in this case.

A "landowner," as the term is used in the premises liability statute, "includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property." Colo. Rev. Stat. § 13-21-115(1) (2010); *cf. Wark v. United States*, 269 F.3d 1185, 1188 (10th Cir. 2001) ("By the terms of the statute, 'landowner' includes three types of people: (1) authorized agents; (2) persons in possession; and (3) persons legally responsible for the condition of the property.").

5

Plaintiff alleged in his complaint that "[a]t the time of the incident Home Depot was a "landowner," either in fact or as that term is defined under the Colorado Premises Liability Statute, C.R.S. § 13-21-115 . . . ." Compl. ¶ 20. Defendant concedes as much in its motion for summary judgment. However, in his response to the defendant's motion for summary judgment, Mr. Safai-Rad argues that there is a dispute regarding Home Depot's status as the "landowner" of the premises on which the accident occurred. This contention originates with defendant's amended answer which, in response to plaintiff's allegation above, states that "[d]efendant admits only to those obligations imposed by law and denies the remaining allegations." Def. Home Depot, U.S.A., Inc.'s Am. Answer & Affirmative Defenses to Pl.'s Compl. [Docket No. 23] ("Am. Answer") ¶ 4. Defendant also flatly denied, *see* Am. Answer ¶ 2, plaintiff's allegation that: "The conditions upon the property, set forth above and otherwise, constituted dangerous conditions. Home Depot was the owner of the property in which Plaintiff was exposed to the dangerous condition and became injured and disabled." Compl. ¶ 21. While defendant's amended answer is no model of clarity, a genuine issue regarding a material fact will not be fabricated from inartful pleading. An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Mr. Safai-Rad has asserted that Home Depot was the "landowner" of the premises, Home Depot has admitted as much, and all evidence before the Court shows this to be the case. Therefore, no reasonable jury would find otherwise and no genuine dispute exists regarding this fact.

Mr. Safai-Rad also attempts to avoid Colorado's premises liability statute by arguing that, even if Home Depot is found to be the "landowner" of the property, his injuries were not caused by the condition, activities conducted, or circumstances existing on the Home Depot property.  The premises liability statute applies to "any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property . . . ."  Colo. Rev. Stat. § 13-21-115(2) (2010).  Without citing any case law support, plaintiff argues that Home Depot's failure to secure its forklift while located on its own property is beyond the scope of the premises liability statute.  I disagree.  The plain language of the statute regarding "activities conducted or circumstances existing" on the property encompasses the facts of the present case.  As a consequence, Colorado's premises liability statute applies to plaintiff's negligence claim.

### 2. *Whether Plaintiff Is a Trespasser Under the Premises Liability Statute*

Because the statute provides "the sole codification of landowner duties in tort," *Vigil*, 103 P.3d at 328, plaintiff's attempt to frame his claim under the traditional common law of negligence is unsuccessful.[1]  Plaintiff's response to defendant's motion

---

[1] Ultimately, however, plaintiff would fare no better under common law principles. "The existence and scope of the duty essentially addresses whether the plaintiff's interest that has been infringed by the conduct of the defendant is entitled to legal protection." *Vigil v. Franklin*, 103 P.3d 322, 325 (Colo. 2004) (internal quotation marks and alteration marks omitted).  There is no basis in law for the Court to find that Home Depot's failure to protect Mr. Safai-Rad from his own mischief infringed some legally protected interest.

for summary judgment nearly concedes that his claims are not viable under the premises liability statute. Nonetheless, I turn now to that analysis.

Under the framework of the premises liability statute, potential visitors to the land of another are classified as licensees, invitees, or trespassers. *See* Colo. Rev. Stat. § 13-21-115(3)-(5) (2010). A person's proper classification is determined by the Court. Colo. Rev. Stat. § 13-21-115(4) (2010); *see Vigil*, 103 P.3d at 326. Defendant argues that Mr. Safai-Rad was a trespasser on its property at the time of his accident. A trespasser is "a person who enters or remains on the land of another without the landowner's consent." Colo. Rev. Stat. § 13-21-115(5)(c) (2010). Plaintiff does not contest this characterization. Based upon the time of day and the purpose of Mr. Safai-Rad's venture onto Home Depot's property, the Court agrees with defendant that plaintiff is properly classified as a trespasser at the time of his accident. *Chapman v. Willey*, 134 P.3d 568, 569 (Colo. App. 2006) (plaintiff properly deemed a trespasser where his presence on property was outside the scope of any permission given and "because plaintiff was not on the premises for any other lawful reason").

### 3. Whether Home Depot Acted Willfully or Deliberately

By the terms of the statute, "[a] trespasser may recover only for damages willfully or deliberately caused by the landowner." Colo. Rev. Stat. § 13-21-115(3)(a) (2010). Nothing in the facts of this case suggests willfulness or deliberateness on the part of Home Depot. Plaintiff has not suggested that there is any evidence of such intent by Home Depot. In fact, the complaint does not indicate that plaintiff ever believed this to

be the case, largely complaining about Home Depot's "failure" to provide certain safeguards. See Compl. ¶¶ 15, 17, 25.

Whether Home Depot acted willfully or deliberately is a critical component of liability to a trespasser like Mr. Safai-Rad under the premises liability statute. Therefore, it qualifies as an "essential element" of Mr. Safai-Rad's claim. See *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001). Home Depot has met its burden at the summary judgment stage of this case by identifying a lack of evidence supporting this element. Plaintiff, with the burden shifting to him to establish a triable issue for trial, failed to offer evidence or argument demonstrating any such issue. As a result, it is

**ORDERED** that defendant Home Depot, U.S.A., Inc.'s motion for summary judgment [Docket No. 40] is GRANTED. Plaintiff's negligence claim, which is the only claim asserted in the complaint, is dismissed. It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendant Home Depot, U.S.A., Inc. and against plaintiff Parviz Sebastian Safai-Rad. Defendant Home Depot, U.S.A., Inc. may have its costs by filing a bill of costs within fourteen days of the date of this order.

DATED February 19, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge